IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DAVID A. WILHOITE, SR., ET UX.,          ) C/A NO. 03A01-9804-CH-00054
                                         )
         Plaintiffs-Appellants,          ) COCKE CHANCERY
                                         )
v.                                       ) HON. CHESTER S. RAINWATER, JR.,
                                         ) CHANCELLOR
NINA B. PROFFITT, ET AL.,                )
                                         ) AFFIRMED AND
         Defendants-Appellees.           ) REMANDED


JAMES M. CRAIN, Knoxville, for Plaintiffs-Appellants.

CLYDE A. DUNN, Newport, JAMES McSWEEN and FRED HOLT, McSWEEN &
McSWEEN, Newport, and JAMES RIPLEY, SHARP & RIPLEY, Sevierville, for
Defendants-Appellees.


**O P I N I O N**


Franks, J.


        In this action plaintiffs sought rescission of the purchase of a motel or

damages, based upon alleged fraudulent misrepresentations during negotiations for the

purchase.  Plaintiffs sued the owners, a real estate firm, Barbara's Real Estate, and the

Trustee.  On September 8, 1994, plaintiffs agreed to purchase the property and

received a deed to the property on September 13, 1994.  They elected not to make any

payments on their loan and the property was foreclosed in November, 1995.  This

action was filed prior to foreclosure on February 7, 1995.

        Defendant Barbara's Realty filed a motion for summary judgment which

was ultimately granted by the Trial Judge.  The gravamen of plaintiffs' complaint was

that when they first contacted a representative of Barbara's Realty on July 22, 1994,

they were advised by the representative that there would be new highway construction,

making the highway "coming by the motel" into four lanes which would be completed in two to three years. The existing highway at that time comprised two lanes. After the sale was consummated, plaintiffs contacted the State Highway Department and determined that while there were plans to build a four lane highway in the vicinity, the planned highway did not go by the motel.

Barbara's Real Estate essentially argued in their motion that the representations did not constitute actionable fraud, citing *Oak Ridge Precision v. First Tennessee Bank*, 835 S.W.2d 25 (Tenn. App. 1992). We agree for reasons hereinafter set forth.

Subsequent to the grant of the summary judgment, plaintiffs amended their complaint to state that they had inquired of Barbara's representative about the financial records of the motel, in order that they could judge the profitability of the operation, and they were advised that the motel had been "shut down for the proceeding two years" and consequently there were no records available, when in fact the motel had been in operation. After the trial, the Chancellor, without a jury, found that the evidence did not "sustain fraud" on the part of the defendants. The Judge said:

> This Court finds that the plaintiffs have wholly failed to sustain or show by a preponderance of the evidence, any evidence of fraud on the part of these defendants or any one of these defendants. The manner was handled completely above board. The parties had available to them any and all knowledge that a reasonable and responsible person would seek, and had the means of obtaining it if they had so seen fit, and they can't come in at a later date and seek to have something set aside because, in retrospect, it appears to be an unwise decision on their part.

The evidence does not preponderate against the Chancellor's finding, T.R.A.P. Rule 13(d).

We note that the real estate agent allegedly making the representations to plaintiff was Tom Goolsby, and plaintiff testified that he contacted Mr. Goolsby,

2

and plaintiff further characterized Mr. Goolsby as "our real estate agent".[1]  He further

elaborated:

> [W]e authorized him to present the offer and negotiate the transaction
> for the motel.

The record demonstrates that plaintiffs essentially made no independent investigation

or checks on the motel property prior to purchase.  Plaintiff David Wilhoite explained:

> I've gone through a lot of real estate transactions in California, and I had
> done research and had been very successful at buying and selling real
> estate, and always made money.  But as I was making preparations to
> come home, I pretty much let my guard down thinking I was dealing
> with good handshake people. . . .

As to plaintiffs' contention that the agent fraudulently misrepresented that the motel

had not been in operation in the last two years, the record establishes that plaintiff

could have readily ascertained the motel had, in fact, been in operation.  Moreover, the

evidence preponderates that this statement was not an inducement to plaintiffs'

purchasing the motel.  As for the representation as to the location of a new four lane

highway, the record also shows that this information could have been readily

ascertained by plaintiff, which was demonstrated by the fact that the plaintiff readily

obtained information as to the location shortly after purchasing the motel.

We believe the Rule set forth in *Winstead v. First Tennessee Bank, N.A.,*

*Memphis*, 709 S.W.2d 627 (Tenn. App. 1986) controls.  There, this Court said:

> [W]here the means of information are at hand and equally accessible to
> both parties, so that with ordinary prudence or diligence, they might rely
> on their own judgment, generally they must be presumed to have done
> so, or, if they have not informed themselves, they must abide the
> consequences of their own inattention and carelessness.  Unless the
> representations are such as are calculated to lull the suspicions of a
> careful man into a complete reliance thereon, it is not commonly held, in
> the absence of special circumstances, that, where the means of
> knowledge are readily available, and the vendor or purchaser as the case
> may be, has the opportunity by investigation or inspection to discover
> the truth with respect to matters concealed or misrepresented, without

---

[1] The multiple listing agent for the sale of the motel was ERA Pioneer Realty of Sevierville.

prevention or hindrance by the other party, of which opportunity he is or should be aware, and where he nevertheless fails to exercise that opportunity and to discover the truth, he cannot, thereafter assail the validity of the contract for fraud, misrepresentation or concealment with respect to matters which should have been ascertained. . . .

709 S.W.2d at 633.

We affirm the Chancellor's finding that plaintiffs failed to establish actionable fraud by a preponderance of the evidence.

We have considered all issues raised by the plaintiffs, find them to be without merit, and affirm the judgment of the Trial Court and remand with costs of the appeal assessed to appellants.

_____
Herschel P. Franks, J.


CONCUR:



_____
Don T. McMurray, J.



_____
Charles D. Susano, Jr., J.

4